IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JOHN T. RIVERA,

        Plaintiff,

    v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

        Defendant.

Case No. 6:15-cv-00796-AA
OPINION AND ORDER

---

Richard F. McGinty
McGinty & Belcher, Attorneys
P.O. Box 12806
Salem, OR 97301
    Attorney for plaintiff

Janice E. Hébert
United States Attorney's Office
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97201

Lars J. Nelson
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington 98104
    Attorneys for defendant

Page 1 - OPINION AND ORDER

AIKEN, Judge:

Plaintiff John T. Rivera brings this action pursuant to the Social Security Act ("Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). The Commissioner denied plaintiff's applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). For the reasons set forth below, the Commissioner's decision is affirmed.

## BACKGROUND

On June 22, 2011, plaintiff applied for SSI and DIB. Tr. 276, 281. He alleged disability beginning August 31, 2007 due to attention deficit hyperactivity disorder, post-traumatic stress disorder with agoraphobia, major depressive disorder, and various learning disorders. Tr. 397. His applications were denied initially and upon reconsideration. Tr. 136, 153, 172, 189. On February 20, 2014, a hearing was held before an Administrative Law Judge ("ALJ"). Tr. 230. Plaintiff, represented by counsel, testified, as did a vocational expert ("VE"). Tr. 7. On May 23, 2014, the ALJ issued an unfavorable decision. Tr. 92. After the Appeals Council denied his request for review, plaintiff filed a complaint in this Court. Tr. 1.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based upon proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) (internal quotation marks omitted). The court must weigh "both the evidence that supports and the evidence that detracts from the ALJ's" decision. *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). If the evidence is susceptible to more than one interpretation but the Commissioner's decision is rational, the Commissioner must be affirmed, because "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152,

1156 (9th Cir. 2001).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the plaintiff to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1502(a)(4). At step one, the ALJ found plaintiff had not engaged in "substantial gainful activity" since the alleged disability onset date. Tr. 74; 20 C.F.R. §§ 404.1520(a)(4)(i), (b). At step two, the ALJ found plaintiff had the following severe impairments: affective disorder, anxiety disorder, learning disorder, and polysubstance abuse disorder. Tr. 74; 20 C.F.R. §§ 404.1520(a)(4)(ii), (c). At step three, the ALJ determined plaintiff's impairments, whether considered singly or in combination, did not meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Tr. 75; 20 C.F.R. §§ 404.1520(a)(4)(iii), (d).

> The ALJ found plaintiff retained the residual functional capacity ("RFC")
>
> to perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant can perform simple, routine tasks in two-hour increments. He can occasionally work with the general public, and can work in the same room with an unlimited number of coworkers but should not work in coordination with them. He can have superficial interaction with coworkers. The claimant can make simple judgments for simple, routine tasks, and should not work at a job where the General Educational Development for language exceeds level two (2). The claimant is likely to be absent from work three times a month or more due to substance abuse issues.

Tr. 77-78; 20 C.F.R. § 404.1520(e). At step four, the ALJ concluded the level of absenteeism reflected in the RFC precluded plaintiff from performing any of his "past relevant work." Tr. 78, 20 C.F.R. §§ 404.1520(a)(4)(iv), (f). At step five, the ALJ found plaintiff could not perform any jobs

Page 3 - OPINION AND ORDER

existing in significant numbers in the national economy because his nonexertional limitations "so narrow[ed] the range of work [he] could perform that a finding of 'disabled' is appropriate[.]" Tr. 79, 20 C.F.R. §§ 404.1520(a)(4)(v), (g). Specifically, the ALJ noted plaintiff's "inability to maintain work activity on a regular and continuous basis of a five-day, 40-hour workweek[.]" Tr. 79.

The ALJ then repeated steps two through five of the sequential process, this time eliminating plaintiff's substance abuse from consideration. *See* SSR 13-2P, 2013 WL 621536, *6 (setting out the process for determining whether substance abuse is "material" to a disability determination and directing a finding of not disabled when substance abuse is material). At step two, the ALJ found that even if plaintiff stopped substance use, his remaining mental heath impairments still would be severe. Tr. 79. At step three, the ALJ determined those impairments would not meet or medically equal a listed impairment. Tr. 80. In this second sequential evaluation, the ALJ made only one change to the RFC: she removed the final sentence predicting three absences per month. Tr. 81-82. At step four, the ALJ concluded plaintiff could perform past relevant work as a cannery laborer, construction worker, janitor, warehouse worker, auto detailer, or painter helper. Tr. 90. At step five, the ALJ found, in the alternative, that plaintiff could perform other jobs existing in significant numbers in the national economy, such as motel cleaner and price marker. Tr. 91. Accordingly, the ALJ found plaintiff not disabled and denied his application for benefits. Tr. 92.

## DISCUSSION

Plaintiff argues the ALJ erred by (1) improperly reformulating the RFC during the second sequential evaluation; (2) omitting several necessary limitations from the RFC; and (3) denying plaintiff's request to reopen a prior disability application.[1] I address each contention in turn.

I.   *Formulation of RFC During Second Sequential Evaluation*

---

[1] Plaintiff also challenges the ALJ's step-four analysis as internally inconsistent and inadequately supported by factual findings. It is not necessary to address the merits of these arguments because the ALJ's alternatively found at step five that plaintiff could perform other work available in the national economy. That step five finding, which plaintiff does not challenge, renders harmless any error at step four. *Tommasetti v. Astrue*, 533 F.3d 1035, 1042 (9th Cir. 2008).

Page 4 - OPINION AND ORDER

Plaintiff's primary argument on appeal is that the ALJ erred in concluding his substance abuse disorder was material to the disability decision. A plaintiff is not entitled to benefits "if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J). "The key factor [the Commissioner] will examine in determining" materiality of drug addiction or alcoholism "is whether [the Commissioner] would still find a claimant disabled if he or she stopped using drugs or alcohol." SSR 13-2P, 2013 WL 621536, at *4. The plaintiff bears the burden of demonstrating that substance abuse is not a material contributing factor to the disability. *Parra v. Astrue*, 481 F.3d 742, 744-45 (9th Cir. 2007).

In the first sequential evaluation, the ALJ included in the RFC a prediction that plaintiff would be absent from work at least three times per month ("attendance limitation"). The ALJ deleted the attendance limitation from the RFC in the second sequential evaluation. This deletion drives the materiality analysis, because the ALJ concluded that three absences per month would preclude plaintiff from working, but that plaintiff could perform both past work and other work in the national economy without the attendance limitation. The question before the Court is whether the attendance limitation is fairly attributable only to plaintiff's substance abuse.

The ALJ's decision to include the attendance limitation in the first RFC rested primarily on her interpretation of a series of emails, letters, and case notes written by staff at the Oregon Department of Human Services Office of Vocational Rehabiliation. Those documents note plaintiff was "not attending . . . classes for his GED completion" despite agreeing to do so and document problems with "[d]iscernment in choosing friends and activities." Tr. 843. They also mention a meeting with plaintiff's former significant other, Leslie, in which Leslie stated "she's had it with [plaintiff's] addictions." Tr. 845. The ALJ reasonably interpreted these documents, in combination with other evidence of plaintiff's substance abuse, to suggest plaintiff would be likely to have attendance problems as long as he continued to use substances. The ALJ did not cite any other evidence, and plaintiff has not pointed to any other evidence, suggesting plaintiff would be likely to

have attendance problems as a result of any of his other mental disorders. Indeed, although medical and lay sources repeatedly mention plaintiff's difficulty staying on-task, paying attention, and following through, the only clear reference to absenteeism appears in the Office of Vocational Rehabilitation documents. In sum, the only reason the ALJ included an attendance limitation in the first RFC was because she rationally concluded plaintiff's substance abuse would cause him to be absent from work.

Plaintiff contends the ALJ was required to point to reliable medical evidence that his attendance problems would improve in the absence of substance abuse before omitting that limitation from the RFC during the second sequential evaluation. But that is not what the Social Security regulations require. SSR 13-2P states that an ALJ may not predict that a co-occurring mental impairment would improve if the substance abuse ceased. 2013 WL 621536 at *9. Here, however, the ALJ did not predict any of plaintiff's other mental impairments would improve in the absence of substance abuse; she simply eliminated a limitation caused only by substance abuse from the RFC.

Plaintiff also argues the ALJ's finding he would have "moderate" difficulties with concentration, persistence, or pace even without the substance abuse disorder requires the inclusion of an attendance-related limitation in the second RFC. Plaintiff contends "no absences" cannot be fairly categorized as "moderate" difficulties. However, attendance problems are merely one of many types of difficulties with concentration, persistence, or pace. As noted, the record contains numerous references to plaintiff's difficulty staying on-task, paying attention, and following through. Medical and other sources clearly connect these difficulties to plaintiff's anxiety, affective disorder, and learning disabilities.

The Ninth Circuit has squarely held that a limitation to simple tasks may adequately account for problems with concentration, persistence, or pace. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). Plaintiff's RFC included not only a limitation to simple tasks, but a requirement those tasks be repetitive and performed only in two-hour increments. This adequately accounts for the moderate problems in this area found by the ALJ and reflected in the record.

Plaintiff has not connected the attendance limitation to any of his mental disorders other than substance abuse. Accordingly, he has failed to carry his burden to show his substance abuse disorder was not material to the ultimate disability determination.

II.     *Omission of Limitations from RFC*

Plaintiff next challenges the ALJ's failure to include in the RFC limitations consistent with those recommended in a letter detailing approved classroom accommodations for plaintiff while he was taking classes at Chemeketa Community College. The letter, written by an Accommodation Specialist in the college's Disability Services office, directs instructors to give plaintiff double the usual amount of time to complete tests, with a ten-minute break after each forty-minute increment of testing. Tr. 300-01. The ALJ found the classroom limitations "d[id] not describe workplace limitations." Tr. 89. This reflects a rational conclusion plaintiff would require more frequent breaks when testing — a high-intensity mental activity requiring significant concentration — than when performing the simple, routine work permitted by the RFC.

Plaintiff also asserts the ALJ erred in her treatment of a third-party function report completed by plaintiff's former foster father. The ALJ found the statement "somewhat persuasive." Tr. 87. Plaintiff argues the RFC does not account for certain limitations included in the statement: that plaintiff needs verbal reminders to take medication, that his attention tends to wander, and that he is paranoid and has difficulty in large groups and social situations. Tr. 378, 380-81, 383. The ALJ adequately addressed each of these problems by limiting plaintiff to simple, routine tasks in two-hour increments and restricting his contact with coworkers and the public.

Finally, plaintiff avers the ALJ erred by limiting his contact with the public on the basis of quantity but not quality. The RFC allows occasional contact with the public but does not specify whether that contact can be more than superficial. Plaintiff asserts this limitation does not adequately address his moderate difficulties with social functioning, including his agoraphobia and paranoia. Any error in the omission of a qualitative limitation here was harmless. The ALJ relied on the testimony of a VE in making his findings at step four and step five. The ALJ asked the VE

Page 7 - OPINION AND ORDER

about jobs requiring no more than *superficial* and occasional work with the public. Tr. 56. Accordingly, any deficiency in the written RFC did not harmfully affect the ultimate disability determination.

III.    *Denial of Petition to Reopen Prior Application*

Plaintiff filed a prior application for SSI and DIB September 16, 2010. Tr. 262, 269. Those applications were denied November 16, 2010. Tr. 108, 118. In the instant application for benefits, filed within a year of the first denial, plaintiff sought to reopen the prior disability denial. Tr. 92. He contends the ALJ erred in denying that request.

A decision not to reopen a prior, final benefits decision is not subject to judicial review unless the denial of the petition to reopen is challenged on constitutional grounds. *Udd v. Massanari*, 245 F.3d 1096, 1098-99 (9th Cir. 2001). Plaintiff contends that the ALJ's denial of the petition to reopen violated 20 C.F.R. § 404.988(a), which permits a disability determination to be reopened "for any reason" within twelve months of the decision. Standing alone, an agency's failure to follow its own regulations is not a violation of due process. *Brown v. Holder*, 763 F.3d 1141, 1148 (9th Cir. 2014). To state a constitutional claim, plaintiff would have to explain how the "underlying government conduct" violates the Due Process Clause. *Id.* Here, however, plaintiff did not mention due process or any other constitutional right in his brief. Accordingly, this Court lacks jurisdiction to review the denial of the petition to reopen.

## CONCLUSION

The Commissioner's decision is AFFIRMED and this case is dismissed.

IT IS SO ORDERED.

Dated this 6th day of ~~August~~ September 2016.

Ann Aiken
United States District Judge

Page 8 - OPINION AND ORDER